**Virge TUCKER, Jr., Appellant,**

v.

**Margaret HECKLER, Secretary, Department of Health and Human Services, Appellee.**

No. 85–1284.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided Nov. 14, 1985.

Rehearing Denied Dec. 17, 1985.

Alan J. Nussbaum, Little Rock, Ark., for appellant.

Chalk S. Mitchell, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

LAY, Chief Judge.

Virge Tucker, Jr., appeals from an order of the district court[1] affirming the decision of the Secretary of Health and Human Services (Secretary) to deny Tucker's application for supplemental security income (SSI) benefits based on disability under section 1602 of the Social Security Act (Act), 42 U.S.C. § 1381a (1982). For reversal, Tucker argues that the decision of the Secretary was not supported by substantial evidence on the record as a whole because 1) the ALJ failed to call a vocational expert to testify concerning the combined impact of Tucker's physical and mental limitations on his ability to perform jobs in the national economy, and 2) the ALJ failed to give adequate weight and consideration to Tucker's complaints of disabling pain. For the reasons discussed below, we affirm the decision of the district court.

## Background

Tucker is a forty-one year old male with a ninth grade education and some vocational training in the craft of tailoring. He was last employed in 1971 as a sanitation worker for the City of Little Rock. Tucker's alleged disability stems, in part, from a collapsed lung he suffered in an on-the-job injury in January of 1971. Tucker has filed four previous applications for disability or SSI benefits[2], each of which was denied administratively and not appealed.

On October 11, 1978, Tucker filed the present application for SSI benefits, alleging that he became unable to work in the fall of 1971 due to lung and back problems. His application was denied by the Social Security Administration, both initially and on reconsideration. After a hearing on August 15, 1979, the administrative law judge (ALJ) concluded that Tucker had established an inability to return to his prior work but that Tucker was capable of performing the full range of light work. The ALJ then applied Rule 202.17 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the Guidelines)[3] and held that Tucker was not under a "disability" as defined by the Act. The Appeals Council denied Tucker's request for reconsideration and, in an opinion dated April 6, 1981, the district court affirmed the denial of benefits. This court, however, reversed and remanded Tucker's claim to the district court with instructions that the case be remanded to the Secretary for further evidentiary proceedings con-

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, Western Division.

2. Tucker filed his first application for disability benefits on October 24, 1972, and three subsequent applications for disability and SSI benefits on January 14, 1974; January 19, 1976; and October 31, 1977.

3. The Guidelines are applicable to SSI claims pursuant to 20 C.F.R. § 416.969 (1985). *See McCoy v. Schweiker,* 683 F.2d 1138, 1141 n. 3 (8th Cir.1982) (en banc).

cerning Tucker's mental impairment and subjective complaints of pain. *See Tucker v. Schweiker*, 689 F.2d 777 (8th Cir.1982) (per curiam).

At the supplemental hearing held on November 1, 1983, Tucker testified that he suffered from shortness of breath, intense constant pain in his chest and radiating down his right arm, and lower back pain due to arthritis. Tucker further testified that he could walk only four to five blocks without rest, could sit without pain for approximately forty minutes, could bend and stoop only with difficulty, and could only lift and carry objects weighing between ten and twenty pounds on an occasional basis. Tucker testified that on a typical day he spends time reading, watching television, and receiving visits from family and friends. On occasion, Tucker reported, he does yardwork for his mother, with whom he resides. Tucker testified that he had five bad days and two good days each week, but that his activities were not more restricted on bad days than on good days. Finally, Tucker's brother attested to the veracity of Tucker's complaints of disabling pain, stating that at times Tucker remained in bed until 11:00 a.m. and that Tucker often grimaced from the pain.

The medical evidence established that Tucker had chronic arthritis of the lower back, which restricted his ability to bend forward and produced some tenderness in the lower lumbar area. Additionally, the examining physicians noted a mild pulmonary condition evidenced by slightly decreased expiratory volume. Finally, several consultative neuropsychiatric and psychological examinations indicated that Tucker suffered from a schizoid personality disorder evidenced by emotional underdevelopment, distance and detachment from and distrust of others, low tension tolerance, egocentrism, and narcissism. None of the psychological consultants were of the opinion, however, that Tucker's mental impairments imposed more than a mild impediment, if any, to Tucker's performance of work-related activities.

The ALJ concluded that Tucker's chronic arthritis qualified as a "severe" exertional impairment within the meaning of the Act, but that Tucker retained the exertional capability to perform the full range of light work. The ALJ further determined that Tucker's nonexertional impairments (i.e., the psychological disorder and pain) did not further compromise Tucker's exertional capability. Therefore, using the Guidelines as a framework for his decision, the ALJ entered a finding of "not disabled." The Appeals Council denied Tucker's request for reconsideration, and on February 22, 1985, the district court affirmed the denial of benefits.

**Discussion**

The ALJ found Tucker unable to perform his past relevant work as a sanitation worker. Once such a finding is made, the burden shifts to the Secretary to show other jobs in the economy that the claimant is capable of performing. *Allred v. Heckler*, 729 F.2d 529, 531 (8th Cir.1984). The Secretary may fulfill this burden by reference to the Medical-Vocational Guidelines if the individual claiming disability benefits suffers solely from exertional impairments. *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir.1984). If, however, the claimant suffers from a combination of exertional and nonexertional impairments and the Guidelines indicate that he or she is not entitled to a finding of disability based solely on exertional impairments, the ALJ must then consider the extent to which the claimant's work capability is further diminished by his or her nonexertional impairments. *McCoy*, 683 F.2d at 1148; 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2) (1985). Where the claimant's relevant characteristics differ in any material respect from those characteristics contemplated by the Guidelines, the Guidelines may not be applied. *Allred*, 729 F.2d at 533; *McCoy*, 683 F.2d at 1146. Instead, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the

claimant's characteristics. *Parsons*, 739 F.2d at 1339.

■ Tucker argues on appeal that the trial court erred in finding Tucker not disabled because the ALJ failed to call a vocational expert to testify concerning the combined impact of Tucker's physical and mental limitations on his ability to perform work in the national economy. In our earlier opinion, we stated that the ALJ erred in holding that the Guidelines directed that Tucker be found not disabled because there was no indication that the ALJ thoroughly considered whether Tucker's nonexertional limitations further diminished his work capability. *See Tucker*, 689 F.2d at 780. In his reconsideration of Tucker's claim on remand, however, the ALJ thoroughly considered Tucker's nonexertional impairments and explicitly determined that they did not diminish Tucker's exertional capabilities. Because substantial evidence in the record as a whole supports the ALJ's conclusion, his failure to call a vocational expert did not constitute reversible error in this case. *See Allred*, 729 F.2d at 733; *see also Reeves v. Heckler*, 734 F.2d 519, 524 (11th Cir.1984) (per curiam); *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir.1984) (per curiam); *Hernandez v. Heckler*, 704 F.2d 857, 863 (5th Cir.1983); *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982). For the same reason, the ALJ did not err in referring to the Guidelines to determine that Tucker was not disabled.

■ We recognize that previous cases may suggest that the Guidelines are inap-

plicable where the claimant suffers from any nonexertional impairment. In each of these cases, however, we only determined either that the ALJ failed to consider the extent to which the claimant's nonexertional impairments further restricted the claimant's exertional capabilities [4] or that the ALJ erred in determining that the claimant's nonexertional limitations did not impair his or her exertional capabilities.[5] Where, as here, the ALJ properly determines that the claimant's nonexertional impairments do not prevent the claimant from performing the full range of work contemplated by the Guidelines, the ALJ may rely on the Guidelines in directing a determination of "not disabled" without resort to vocational expert testimony or other similar evidence to establish the claimant's ability to perform work in the national economy.

■ Tucker's allegation that the ALJ failed to give adequate weight and consideration to his complaints of disabling pain is similarly without merit. The record establishes that the ALJ duly considered Tucker's complaints of disabling pain and concluded that they were not credible. In disability determinations, credibility assessments are in the first instance for the ALJ. *Smith v. Heckler*, 760 F.2d 184, 187 (8th Cir.1985); *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir.1983). If there are inconsistencies in the evidence as a whole, as there were in this case, an ALJ is permitted to disbelieve a claimant's subjective complaints of pain. *See Smith*, 760 F.2d at

---

4. *See, e.g., Fazio v. Heckler*, 760 F.2d 187, 188–89 (8th Cir.1985) (per curiam) (ALJ erroneously determined that claimant did not suffer from nonexertional impairments and therefore failed to consider the extent to which claimant's nonexertional limitations impaired his exertional capabilities); *Haynes v. Heckler*, 716 F.2d 483, 485 (8th Cir.1983) (ALJ failed to recognize some of claimant's impairments as nonexertional and thus did not consider the impact of claimant's nonexertional impairments on her exertional capabilities); *Tucker*, 689 F.2d at 780 (ALJ's finding that claimant was not disabled was not supported by substantial evidence where there was no indication that ALJ considered the impact of claimant's nonexertional impairments on his exertional capability).

5. *See, e.g., Holland v. Heckler*, 768 F.2d 277, 280–81 (8th Cir.1985) (ALJ's finding that claimant's nonexertional limitations did not impair her exertional capabilities was not supported by substantial evidence); *Jelinek v. Heckler*, 764 F.2d 507, 511 (8th Cir.1985) (application of Guidelines was error where claimant's ability to perform at his exertional level was impaired by his nonexertional limitations); *Nicks v. Schweiker*, 696 F.2d 633, 636 (8th Cir.1983) (reliance on Guidelines was inappropriate where there was substantial evidence of disabling pain).

187; *Isom v. Schweiker*, 711 F.2d 88, 90 (8th Cir.1983).

The Secretary's decision denying Tucker's claim for SSI benefits based on disability is supported by substantial evidence in the record. Accordingly, we affirm the decision of the district court.