**Murel W. DAY, Appellant,**

v.

**Margaret M. HECKLER, Secretary, Health and Human Services, Appellee.**

No. 85–1378.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1985.

Decided Jan. 15, 1986.

Joel D. Johnson, Fort Smith, Ark., for appellant.

Virginia J. Cronan, Baltimore, Md., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Murel W. Day appeals from the district court's decision upholding the Secretary's determination that Day was not entitled to supplemental security income benefits based on disability under 42 U.S.C. § 1381a. Because we conclude that a vocational expert's testimony is needed to determine whether jobs exist in the national economy that Day can perform, we remand this case to the Secretary for further proceedings.

In his application for supplemental security income benefits, Day claims he was disabled from an accidental gun shot wound to his left arm. The Secretary denied Day's application both initially and upon reconsideration. Day then requested a hearing before an administrative law judge (ALJ) which was held on January 28, 1982.

Following the hearing, the ALJ determined that Day was disabled. The Appeals Council, however, remanded the case to the ALJ for further proceedings. After holding a supplemental hearing and taking additional medical evidence, the ALJ again determined that Day was "disabled as defined in Title XVI of the Social Security Act." In so holding, the ALJ found that Day's "testimony is credible, that he is not a malingerer, that he suffers the severe pain of which he testified, and that the severe injury to the left upper extremity with the accompanying pain is sufficient to preclude [Day from] engaging in sustained sedentary activity."

After considering the entire record, the Appeals Council rejected the ALJ's decision. Although finding Day was unable to perform his past relevant work, the Council determined Day "has the maximum sustained work capacity for at least light work." The Council also determined Day's "nonexertional limitations [including pain] do not significantly affect his residual functional capacity to perform a wide range of light work." Applying Rule 202.17 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the Appeals Council concluded Day was not disabled.

The ALJ and the Appeals Council agree that Day is unable to perform his past relevant work. Once this finding is established, the burden of proof shifts to the Secretary to demonstrate that there is other gainful employment in the national economy that the claimant is capable of performing. *Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir.1985). If the claimant's impairments are exertional in nature, the Secretary can refer to the Medical-Vocational Guidelines in meeting her burden of proof. *Id.*

If, however, the claimant suffers from a combination of exertional and nonexertional impairments and the Guidelines indicate that he or she is not entitled to a finding of disability based solely on exer-

tional impairments, the ALJ must then consider the extent to which the claimant's work capability is further diminished by his or her nonexertional impairments. Where the claimant's relevant characteristics differ in any material respect from those characteristics contemplated by the Guidelines, the Guidelines may not be applied. Instead, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics.

*Id.* at 795–96 (citations omitted).

Although we review the Appeals Council's decision, its decision is subject to "especially careful scrutiny" when the Council rejects an ALJ's credibility findings. *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984). If the Appeals Council sets out its reasons for rejecting the ALJ's credibility findings and those reasons are supported by substantial evidence, then its decision will be affirmed. *Id.* at 1150–51. *See also Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 387 (6th Cir.1978) ("If an Appeals Council decides to reject the credibility findings of an administrative law judge, or to disregard testimony which was clearly central to the administrative law judge's determination, it should do so expressly, identifying the considerations which led it to its conclusion."), *cited with approval in Carry v. Heckler,* 750 F.2d 479, 486 (5th Cir.1985).

The Appeals Council's reasons for rejecting the ALJ's finding that Day's pain affects significantly his work capability are not supported by substantial evidence in the record. The Appeals Council observed that "[t]he evidence does not establish a medically determinable basis for the claimant's complaints to the degree of severity alleged." However, the Council has not directed us to any evidence, medical or otherwise, to support such a finding. Indeed, the medical reports in the record appear to be consistent with Day's complaints of pain.

All of the medical reports establish that Day has limitation of motion in his left arm and stiffness in the wrist and fingers of his left arm. One doctor also noted atrophy in the muscle of Day's left forearm. Day's treating doctor indicated that Day had pain due to his condition and prescribed medication for the pain.

Furthermore, the Appeals Council did not reject Day's credibility concerning his subjective complaints of pain. It simply reasoned that because Day "has no impairment of his right arm, it would not be unreasonable to expect that he would be capable of lighter and less strenuous activities even if his left arm was completely useless." We can find no substantial evidence in the record to support this determination by the Appeals Council.

Thus we conclude that because Day's nonexertional impairment significantly limits his exertional capabilities, the Appeals Council improperly referred to the Medical-Vocational Guidelines. Instead, the Secretary must produce vocational expert testimony to establish that there are jobs in the national economy that Day is capable of performing. Accordingly, we reverse the district court's decision and remand the case to it with directions to remand the case to the Secretary for further proceedings consistent with this opinion.