**Carolyn J. BOLTON, Appellant,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services, Appellee.**

No. 86–2049.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 5, 1987.

Decided March 24, 1987.

Rehearing Denied April 23, 1987.

Alan Nussbaum, Little Rock, Ark., for appellant.

Karen J. Behner of the Dept. of Health & Human Services, Dallas, Tex., for appellee.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Carolyn Bolton appeals from the district court's [1] order granting summary judgment to the Secretary of Health and Human Services (the Secretary) affirming the Secretary's decision to deny Bolton's application for Social Security disability benefits. For reversal, Bolton argues that the decision of the Secretary was not supported by substantial evidence on the record as a whole because the administrative law judge (ALJ) (1) improperly relied on the Medical-Vocational Guidelines in finding Bolton was "not disabled" and (2) improperly rejected the testimony of a vocational expert. For the reasons discussed below, we affirm the judgment of the district court.

Bolton is a woman with a tenth grade education; she is now 37 years old. She has worked as a cook, assembly line worker, school bus driver, and nurse's aide. Bolton applied for disability insurance ben-

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

efits and supplemental security income on December 22, 1982, claiming that she was disabled due to blood clots in both legs. The Social Security Administration denied the application initially and again on re-hearing. Pursuant to Bolton's request, an ALJ conducted a de novo hearing at which Bolton appeared with counsel and one wit-ness. On September 16, 1983, the ALJ denied Bolton's claim, and the decision was affirmed by the Appeals Council. Bolton sought judicial review of the decision in federal district court. On April 26, 1985, the district court remanded the case to the Secretary for reconsideration pursuant to the Social Security Disability Benefits Re-form Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984).

On October 17, 1985, a supplemental hearing was held before a second ALJ. The ALJ found that Bolton, although work-ing part-time, was not conclusively doing substantial gainful activity. The ALJ also found that she was prevented by severe residuals of thrombophlebitis[2] from re-turning to her past relevant work. The ALJ then recognized that the burden shift-ed to the Secretary to show there was some other type of substantial gainful activity which Bolton could perform. The ALJ spe-cifically considered Bolton's allegations of severe disabling pain, dizziness, and short-ness of breath and concluded that they were not credible. The ALJ determined that Bolton retained the exertional capacity to perform the full range of sedentary work. The ALJ further determined Bol-ton's work capability was not diminished by her pain and discomfort. The ALJ then applied Rule 201.25 of the Medical-Voca-tional Guidelines, 20 C.F.R. Part 404, Sub-part P, Appendix 2 (1985) (Guidelines), and held that Bolton was not "disabled." The Appeals Council affirmed and adopted the ALJ's recommended decision and Bolton again sought judicial review. On July 11, 1986, the district court granted the Secre-tary's motion for summary judgment. This appeal followed.

Our review of the Secretary's decision is limited to a determination of whether it is supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Cox v. Heckler,* No. 86–1576, slip op. at 2 (8th Cir. Dec. 24, 1986) [808 F.2d 841 (ta-ble) ]; *Millbrook v. Heckler,* 780 F.2d 1371, 1374 (8th Cir.1985) (*Millbrook* ). Bolton ar-gues that because she suffers from nonex-ertional impairments (pain, dizziness, short-ness of breath) that significantly limit her ability to perform the full range of work contemplated by the Guidelines, the ALJ improperly relied on the Guidelines to satis-fy the Secretary's burden of proof and instead should have required the Secretary to produce vocational testimony.[3] *See Chitwood v. Bowen,* 788 F.2d 1376, 1378 (8th Cir.1986). She further contends that because she in fact produced testimony from a vocational expert that there is no work in significant numbers in the national economy which she can perform, the ALJ erred in rejecting such testimony.

The ALJ thoroughly considered Bol-ton's nonexertional impairments and explic-

---

2. The ALJ specifically determined that although Bolton had a significant vascular condition, it did not meet or equal a listed impairment. The Secretary's regulations provide that if a claim-ant suffers an impairment which meets the du-ration requirement and is listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404 or is equal to a listed impairment, the claimant will be deter-mined disabled without considering age, edu-cation and work experience. 20 C.F.R. § 404.-1520(d) (1985).

3. Where a claimant cannot perform past rele-vant work, the Secretary must show there are other jobs in the national economy that the claimant is capable of performing. *Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir.1985). This burden may be met by reference to the Guide-lines if the claimant suffers solely from exer-tional impairments. *Id.*

If, however, the claimant suffers from a com-bination of exertional and nonexertional im-pairments and the Guidelines indicate that he or she is not entitled to a finding of disability based solely on exertional impairments, the ALJ must then consider the extent to which the claimant's work capability is further di-minished by his or her nonexertional impair-ments.

....

... Where ... the ALJ properly determines that the claimant's nonexertional impairments do not prevent the claimant from performing the full range of work contemplated by the Guidelines, the ALJ may rely on the Guide-lines in directing a determination of "not dis-abled" without resort to vocational expert tes-timony or other similar evidence to establish the claimant's ability to perform work in the national economy.

itly determined they did not diminish her exertional capabilities. In reaching this conclusion, the ALJ evaluated Bolton's complaints of pain according to the factors set forth in *Polaski v. Heckler*, 751 F.2d 943, 948–50 (8th Cir.1984), and found that Bolton's complaints of disabling pain, dizziness and shortness of breath were not borne out by the record and therefore not fully credible. Use of the Guidelines is appropriate if the ALJ explicitly discredits subjective allegations of pain for a legally sufficient reason, such as inconsistencies in the record. *Millbrook*, 780 F.2d at 1373; *Tucker v. Heckler*, 776 F.2d 793, 796 (8th Cir.1985).

Here, Bolton's subjective allegations of pain were inconsistent with her medical records. The record reflects a lack of ongoing treatment for Bolton's thrombophlebitis; it was successfully treated with medication and physical therapy on the two occasions she was hospitalized since seeking benefits. EKG tests from her treating physician as well as the report from the consulting physician (a cardiovascular surgeon) establish no medical basis for her complaints of dizziness and shortness of breath. More significantly, Bolton's subjective complaints are discounted by her own testimony. Although she claims she cannot lift anything, she works 20 hours a week as a tray passer at a hospital. She drives to work everyday, does housework, attends church services every other Sunday, and walks two blocks to her hairdresser's every two weeks. She also stated that she wears support hose which helps the swelling and pain in her legs.

The record reveals it was reasonable for the ALJ to conclude that Bolton's non-exertional impairments did not prevent her from performing the full range of sedentary work activity. Therefore, the ALJ properly relied on the Medical-Vocational Guidelines in determining Bolton was not disabled under the Social Security Act.

Bolton also argues that because she had a vocational expert testify on her behalf, she offered better evidence of a disability and the ALJ erred in rejecting such testi-

mony. Bolton's contention that the ALJ improperly rejected testimony from a vocational expert is inaccurate. The vocational expert did not actually testify at the hearing; however, the vocational expert's evaluation report was made part of the record and was considered by the ALJ. "Conflicts in the evidence are to be resolved by the Secretary, not the courts." *Janka v. Secretary of Health, Education & Welfare*, 589 F.2d 365, 369 (8th Cir.1978). After carefully reviewing the record, we conclude the Secretary's decision denying Bolton's claim for disability benefits is supported by substantial evidence.

Accordingly, we affirm the judgment of the district court.

*Id.* at 795–96 (citations omitted).