**William CRONIN, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV 86–3433.**

United States District Court,
E.D. New York.

June 11, 1987.

Wendy Brill, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty. by Joseph D. McCann, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

Plaintiff William Cronin brings this action under § 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), for review of a final determination of the Secretary of Health and Human

Services ("Secretary") denying plaintiff's request for reconsideration of the Social Security Administration's ("SSA") decision to terminate plaintiff's Social Security disability benefits and for waiver of overpayment of his benefits. The parties now cross-move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Cronin applied for Social Security disability benefits on September 29, 1976. SSA approved his application and awarded benefits retroactively effective August 28, 1975. SSA subsequently reviewed Cronin's medical condition and concluded that his condition had improved such that he became capable of performing substantial gainful activity in October 1977. Accordingly, SSA prepared a notice dated October 26, 1977 informing Cronin that the last disability check to which he was entitled would be for the month of December 1977.

SSA, however, continued to send Cronin disability benefit checks for roughly seven and one half years after the supposed December 1977 termination of payments. In a letter dated June 26, 1985, SSA told Cronin that it was now stopping his checks and that he would later be advised regarding any overpayments. In a July 14, 1985 letter to Cronin, SSA informed plaintiff that he had been overpaid a total of $19,379.10 since January 1978.

Cronin requested reconsideration of SSA's action on July 26, 1985, and, on October 22, 1985, the initial determination was upheld. Plaintiff then requested a hearing, which was held on March 12, 1986 before an Administrative Law Judge ("ALJ") who considered the case *de novo*. At the hearing, plaintiff testified that he never received SSA's October 1977 notice regarding the termination of his benefits and that he had approximately $35,000 in savings.

In a decision dated March 21, 1986, the ALJ found that, given Cronin's credibility as a witness and the evidence that SSA had made multiple mistakes in its handling of plaintiff's file, it was likely that the October 1977 letter was never sent or sent improperly and that Cronin never actually received notice of the termination of his benefits until 1985. The ALJ concluded, therefore, that Cronin was "without fault" in causing any overpayment of disability benefits within the definition of that term set forth in the applicable SSA regulation. 20 C.F.R. § 404.507. The ALJ held, however, that recovery of the $19,379.10 overpayment would neither "defeat the purpose" of the Act nor "be against equity and good conscience" and Cronin's repayment of the amount overpaid could not be waived. 20 C.F.R. §§ 404.506, 404.508, 404.509. The ALJ's decision became the final determination of the Secretary when the Appeals Council denied plaintiff's request for review of the ALJ's ruling on August 27, 1986, stating, *inter alia*, "[t]here is nothing in the record to show that the [October 1977] notice was not received." Plaintiff then filed the action currently in front of the Court.

The Court need not reach the issue in this case of whether the Secretary's final determination that overpayment should not be waived is supported by the substantial evidence on the record as a whole necessary for affirmance of such a decision, *see* 42 U.S.C. § 405(g); *Bastien v. Califano*, 572 F.2d 908, 912 (2nd Cir.1978), for the evidence presented in the case appears to reveal that SSA's actions concerning the termination of Cronin's Social Security disability benefits ran afoul of one of the most fundamental requirements of the rule of law. If the "due process" guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution is to mean much in our modern society of statutory entitlements and governmental benefits, then individual possessors of such statutorily created "property interests" must surely be given some sort of opportunity to be heard regarding the termination of their benefits. As the Supreme Court stated in the landmark case of *Goldberg v. Kelly*, 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970), which involved the termination of public assistance payments:

> "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363

Content:

(1914). The hearing must be "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination and an effective opportunity to defend....

The ALJ, who could make his decision based upon not only the documentary evidence relevant to Cronin's claim but also his firsthand observations of Cronin's demeanor on the stand as Cronin provided sworn testimony that he never received notice from SSA in 1977, concluded that it was likely that plaintiff was never informed of the termination of his benefits until 1985. The Appeals Council's determination that the record contains nothing that might indicate that the October 1977 notice was not received, on the other hand, is unsupported by substantial evidence given Cronin's uncontradicted testimony and the ALJ's evaluation of his credibility. *See e.g., Day v. Heckler,* 781 F.2d 663 (8th Cir.1986) (Appeals Council's decision subject to "especially careful scrutiny" when Council rejects ALJ's credibility findings); *Barrett v. Secretary of the Department of Health, Education and Welfare of the United States,* 581 F.Supp. 484 (S.D.N.Y. 1984) (ALJ's conclusions regarding credibility entitled to considerable weight). The Court therefore finds that plaintiff's constitutional right to due process was violated by the lack of actual notice of the cessation of his benefits and the consequent lack of any opportunity to be heard regarding the termination. The Court additionally finds that Cronin did not receive the "advance notice" of the termination of disability benefits and "chance to reply" that the Secretary's own regulations require be provided. 20 C.F.R. § 404.1595.

Accordingly, the Court hereby rules that:

1. Plaintiff's motion for judgment on the pleadings is granted.
2. Defendant's motion for judgment on the pleadings is denied.
3. The case is to be remanded to the Secretary for proceedings concerning whether plaintiff's Social Security disability benefits should have been terminated in 1977 and, if not, if the termination of benefits was warranted at some subsequent date. The Secretary shall recompute the amount of any overpayment if the result of these proceedings is such that recalculation of the sum overpaid becomes necessary.

SO ORDERED.