**Patsy A. CANTRELL, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

No. 88–1291.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1989.

Decided Feb. 14, 1989.

Denver L. Thornton, El Dorado, Ark., for appellant.

Dean S. Landis, Baltimore, Md., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and Floyd R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

The Secretary of Health and Human Services denied Patsy A. Cantrell disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. The Appeals Council of the Social Security Administration denied Cantrell's request for review, and the district court granted the Secretary's motion for summary judgment. On appeal, Cantrell claims that the Administrative Law Judge erred by (1) relying on the Medical–Vocational Guidelines (Guidelines) and (2) not considering all evidence relating to subjective complaints. We reverse and remand.

Cantrell is a forty-five year old woman who is five feet six and one-half inches tall and weighs 260 pounds. She suffers from diabetes mellitus and has been hospitalized several times since 1981 due to complications. In 1983, Cantrell was hospitalized for evaluation of back pain and a foot drop. Foot drop is a dragging of the foot on the ground due to paralysis of the anterior muscles of the leg. Cantrell had back surgery at this time. Cantrell experienced some improvement in her back and legs immediately following the surgery, but medical records show that on September 20, 1985, she continued to have problems in both areas. Due to the foot drop, Cantrell must wear leg braces. She cannot stand for long periods or walk far because of swelling in her legs.

On September 25, 1985, Cantrell applied for disability insurance benefits, alleging an inability to work due to diabetes, back limitations, a foot drop, and vision problems. The ALJ determined that Cantrell was unable to perform her past relevant work. He also found that Cantrell had a residual functional capacity to perform the physical exertion requirements of work, except for heavy lifting and carrying and prolonged standing and walking. Applying the Guidelines set forth in 20 C.F.R. Part 404, App. 2, the ALJ concluded that in view of her residual functional capacity, age, education, and work experience, Cantrell was not disabled.

■ In addition to her physical impairments of her back, foot drop, and diabetes mellitus, Cantrell has nonexertional impairments. She suffers severe pain in her lower back; her legs cramp below the calves at night; her legs swell to the extent that she must remove her leg braces to allow blood circulation; and she is exogenously obese. In addition, although she can sit for periods of time, she must be free to shift positions and move about when needed.

These nonexertional limitations are inconsistent with the ability to perform the full range of sedentary work that the ALJ found Cantrell able to perform. *See* 20 C.F.R. § 404.1567. Nevertheless, the ALJ applied the Guidelines, using the residual functional capacity to perform sedentary work as a factor. The ALJ erred in doing so.

> If a claimant's relevant characteristics differ in any material respect from those of the grid, the Guidelines cannot be applied, and all the pre-existing requirements of case law, including the customary insistence on the use of vocational experts, retain their full vigor.

*McCoy v. Schweiker,* 683 F.2d 1138, 1146 (8th Cir.1982) (en banc). *See also, Mackinaw v. Bowen,* 866 F.2d 1023 (8th Cir. 1989); *Butler v. Bowen,* 865 F.2d 173 (8th Cir.1989); *Thompson v. Bowen,* 850 F.2d 346 (8th Cir.1988).

■ Because Cantrell is unable to perform her past relevant work, the Secretary bears the burden of proving that Cantrell is capable of performing other work. *Id.* at 1147. Given Cantrell's nonexertional impairments, the Secretary is required to establish its proof through the testimony of a vocational expert. Accordingly, we reverse the summary judgment and remand the

case with directions that the district court remand to the Secretary for a new hearing.