**Betty A. NAJERA, Appellant,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 89–2720.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1990.

Decided April 30, 1990.

James W. Stanley, North Little Rock, Ark., for appellant.

Joseph B. Liken, Dallas, Tex., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN.

PER CURIAM.

Betty A. Najera appeals from a judg-

ment of the district court[1] affirming a denial of supplemental security income benefits. We reverse and remand.

Najera was born in 1942 and has a ninth grade education. At a hearing before an administrative law judge (ALJ), she testified that she had disabling pain resulting from osteoarthritis. She stated she last worked as a lamp shade wrapper but was terminated because she could not meet production quotas. She explained she could not perform the work because she could not bend down to pick up boxes weighing up to eighty pounds and that her hands went numb. A consultative examination found that Najera had decreased sensation in her right hand. She also stated that her pain medication made her drowsy.

By letter dated December 16, 1985, Dr. Jerry Carter, who had treated Najera for approximately seven years, stated that her pain was fairly well-controlled by medication but that her obesity restricted her ability to push, pull, stand, bend, stoop, and squat. At the time of hearing, Najera was 5′ 2″ and weighed approximately two hundred and twenty pounds.

■ The ALJ denied disability, finding that Najera retained the capacity for light work and therefore could return to her past work as a lamp shade wrapper. The regulations define light work as the ability to lift no more than twenty pounds and the ability to lift ten pounds frequently. 20 C.F.R. § 404.1567(b). According to Najera's testimony, her job as a lamp shade wrapper required her to frequently bend over to lift eighty pounds. Therefore, the ALJ's finding that she could perform her past relevant work is unsupported by the record, and we must reverse and remand for further proceedings.[2]

■ It is well established that once a claimant has shown an impairment that prevents her from returning to past relevant work, "the burden shifts to the Secretary to show other jobs in the economy that the claimant is capable of performing." *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985). "The Secretary may fulfill this burden by reference to the Medical–Vocational Guidelines if the individual claiming disability benefits suffers solely from exertional impairments." *Id.* "Where the claimant's relevant characteristics differ in any material respect from those characteristics contemplated by the Guidelines, the Guideline may not be applied." *Id.* In such case, "the Secretary must produce expert vocational testimony ... to establish that there are jobs available in the national economy for a person with the claimant's characteristics." *Id.*

In this case, we believe that the numbness in Najera's hands, restrictions imposed by her obesity, and the side effects of her medication preclude the application of the Guidelines and vocational testimony is needed. *See Cantrell v. Secretary*, 867 F.2d 1137, 1138 (8th Cir.1989).

■ In addition, because the ALJ's credibility findings were, in part, based on his erroneous conclusion that Najera could return to past relevant work, new credibility findings must be made. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984) (subsequent history omitted). In assessing her credibility, the ALJ must consider the side effects of Najera's pain medication. *Id.* at 1322.

On remand, Najera may submit additional evidence to support her claim of disability. On the facts of this case, we, however, do not believe the ALJ erred in failing to order a consultative psychiatric examination. Last, we remind the ALJ that in

1. Upon consent of the parties, 28 U.S.C. § 636(c), the case was referred for final judgment to The Honorable John J. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

2. We note in *Martin v. Sullivan*, 901 F.2d 650 (8th Cir.1990), this court held that although a claimant may not be able to return to her former job, if she can return to the past relevant type of work, she is not entitled to a finding of disability. In this case, however, there is no evidence in the administrative record of the " 'functional demands and job duties of the occupation as generally required by employers throughout the national economy.' " 901 F.2d at 653 (quoting Social Security Regulation 82–61).

determining disability, he must consider the combined effects of impairments.

The judgment is reversed and remanded for further proceedings consistent with this opinion.