**Thomas ERICKSON, Appellant,**

v.

**Louis SULLIVAN, Secretary of the Department of Health and Human Services, Appellee.**

**No. 90–2362EM.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided April 18, 1991.

---

Timothy C. Harlan, Columbia, Mo., for appellant.

Joseph B. Moore, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Thomas Erickson appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny Erickson's application for disability benefits under 42 U.S.C. §§ 416(i), 423 (1988) and supplemental security income benefits under 42 U.S.C. § 1381 (1988). On appeal, Erickson argues that the district court erred in accepting the administrative law judge's improper evaluation of his complaints of pain. We reverse and remand.

I.

On December 29, 1986, Erickson filed an application for disability benefits and supplemental security income benefits, alleging that he had been disabled since November 11, 1984.[1] After Erickson's application was denied initially and on reconsideration, he requested and was granted a hearing before an administrative law judge (ALJ).

At the hearing, held on October 15, 1987, Erickson testified that he was forty-one years old, had the equivalent of a high school education, and had worked sporadically from 1977 until 1984 as a restaurant manager, car salesman, locksmith, and schoolbus driver. Erickson discussed his medical history, which included operations on his legs and hand, hearing loss in his left ear, problems with his neck, spine, left shoulder, and lungs, and incontinence. Erickson stated that his medical problems and the pain they caused interfered with his sleep, and prevented him from driving, from sitting or standing more than twenty minutes at a time, from lifting more than ten pounds, and from walking more than half of a block without his leg braces. Erickson further testified that he was taking numerous medications for his various ailments.

Based on Erickson's testimony and the medical files in evidence, the ALJ found that Erickson had a history of surgery on both knees, of carpal tunnel syndrome, of a cervical discectomy, and of sensory neural hearing loss. He also found that Erick-

---

1. Erickson later amended the onset date to January 13, 1982.

son's subjective complaints of disabling pain were not credible. Based on Erickson's history and the lack of credible complaints of pain, the ALJ found that Erickson could still perform his past relevant work. The ALJ thus concluded that Erickson was not disabled and hence not entitled to receive benefits.[2]

After the Appeals Council denied Erickson's request to review, he appealed to the federal district court. The case was referred to a United States magistrate judge, who concluded in his September 29, 1989, Review and Recommendation that substantial evidence supported the ALJ's decision and recommended that the decision be affirmed in all respects. Erickson objected on the ground that the ALJ had improperly evaluated his complaints of pain. The district court, on November 6, 1989, rejected the objection, adopted the magistrate judge's Review and Recommendation, and granted the Secretary's motion for summary judgment. Erickson now appeals.

## II.

■ On appeal, Erickson argues that the district court erred in affirming the Secretary's decision because the ALJ improperly evaluated his allegations of pain. After reviewing the ALJ's decision and the record on appeal, we agree. In addressing a claimant's allegations of pain, an ALJ has the following responsibilities:

> [T]he ALJ must consider the claimant's prior work record and observations by third parties involving the following: (1) daily activities; (2) the duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

*Woods v. Bowen*, 854 F.2d 288, 292 (8th Cir.1988) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.), *supplemented*, 751 F.2d 943 (8th Cir.1984), *vacated*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d

456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987)). Before concluding whether a claimant's allegations are credible, the ALJ must discuss the five *Polaski* factors, as well as any inconsistent evidence in the record. *See Rainey v. Bowen*, 814 F.2d 1279, 1281 (8th Cir.1987).

■ In this case, the ALJ failed to discuss how the *Polaski* factors applied to Erickson's situation. This error alone requires reversal. *See Brown v. Sullivan*, 902 F.2d 1292, 1295 (8th Cir.1990); *Rainey*, 814 F.2d at 1282. We also note that to conclude that Erickson's allegations of pain were not credible, the ALJ relied heavily on a medical examination that occurred two years before Erickson's alleged onset date and disregarded more recent diagnoses by Erickson's treating physician. Furthermore, the ALJ seems to have improperly placed great weight on his own observation that although Erickson wore neck and knee braces at the hearing and used a cane, Erickson did not exhibit the signs of one who was suffering from severe pain. *Cf. Bishop v. Sullivan*, 900 F.2d 1259, 1263 (8th Cir.1990) (stating that an ALJ may not reject allegations of pain solely on basis of personal observations). In discounting Erickson's complaints of pain, the ALJ also referred to Erickson's past workers' compensation claims. However, as this is neither evidence of inconsistencies in the record nor of the *Polaski* factors, we question its relevance.

Because the ALJ did not properly consider Erickson's allegations of pain, the district court erred in granting summary judgment to the Secretary. On remand, the ALJ should evaluate Erickson's allegations of pain in light of the *Polaski* factors and any inconsistencies in the record.

## III.

For the foregoing reasons, we reverse the order of the district court granting summary judgment to the Secretary and

---

2. The ALJ also concluded that because Erickson's status as an insured for the purpose of eligibility for disability benefits had expired, he was not entitled to benefits under 42 U.S.C.

§§ 416(i), 423. Erickson does not contest this conclusion and seeks only supplemental security income benefits.

direct the district court to return the case to the Secretary for a new hearing on supplemental security income benefits.