966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roger BALUSKI, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellee.
 No. 91-3511.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: June 30, 1992.
 
 Before WOLLMAN, Circuit Judge and BRIGHT and ROSS, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger Baluski appeals from the order of the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Baluski Supplemental Security Income benefits. We affirm.
 
 I.
 
 2
 Baluski and his twin brother were struck by a car on August 14, 1988. Baluski's brother was killed in the accident, and Baluski himself suffered severe injuries, including a fractured elbow and multiple fractures of both legs and his pelvis. After spending several months in the hospital and a rehabilitation center, Baluski was able to return home, though he still needed crutches in order to walk, as well as some assistance with tasks such as dressing.
 
 
 3
 Baluski, a farmer and rancher, applied for Supplemental Security Income benefits, claiming that he was disabled from injuries sustained in the accident. After a hearing, the administrative law judge (ALJ) denied Baluski benefits. The ALJ found that while Baluski's injuries had at one time been severe enough to meet the criteria for disability, the severity had not lasted for twelve months, as required. The ALJ discredited Baluski's claim of disabling pain, stating that while he had no doubt that Baluski suffered some pain as a result of his injuries, the record did not support a finding that Baluski's pain precluded all work activity. Using the Medical-Vocational Guidelines (the "grids") set out in the regulations, the ALJ determined that Baluski was not disabled within the meaning of the Social Security Act. The Appeals Council adopted the determination of the ALJ, making it the Secretary's final decision, and the district court affirmed.
 
 
 4
 Baluski asserts on appeal that the Secretary erred by failing to consider the effect of Baluski's exertional and non-exertional impairments on his ability to work and by relying solely on the grids in determining that Baluski was not disabled.
 
 II.
 
 5
 Supplemental Security Income is a program providing benefits to people who are aged, blind, or disabled. 42 U.S.C. § 1382(a) (1992). The Secretary will find a person disabled if the claimant "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." Id. § 1382c(a)(3)(A). Any such impairment must last for a continuous period of twelve months or be expected to result in death. Id. The impairments suffered must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." Id. § 1382c(a)(3)(B).
 
 
 6
 We will uphold the Secretary's final decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g) (1991); Whitehouse v. Sullivan, 949 F.2d 1005, 1006 (8th Cir. 1991). In assessing the substantiality of the evidence, we must consider evidence that detracts from the Secretary's decision as well as evidence that supports it. We may not, however, reverse the Secretary's decision "merely because substantial evidence would have supported an opposite decision." Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984).
 
 
 7
 Baluski first contends that the Secretary erred by failing to consider the effect of Baluski's exertional and non-exertional impairments on his ability to work. The record reveals, however, that the ALJ specifically considered the limitations which Baluski's non-exertional impairment, pain, would add to the limitations already in place due to Baluski's age, education, work experience, and residual functional capacity. See 20 C.F.R. § 416.920 and Part 404, Subpart P, Appendix 2 (1989). While the ALJ found Baluski's testimony and that of Baluski's older brother to be honest, sincere, and candid, this finding does not mandate a conclusion that Baluski is correct in stating that pain renders him disabled. That is a conclusion to be made by the ALJ on the basis of the whole record. The ALJ properly considered Baluski's impairments and found that they did not diminish his capacity to perform the full range of sedentary work. See Tucker v. Heckler, 776 F.2d 793, 795 (8th Cir. 1985). Thus, the ALJ's decision is supported by substantial evidence in the record.
 
 
 8
 Baluski next contends that the Secretary erred by relying solely on the grids in determining that Baluski was not disabled. He argues that the ALJ should have sought the testimony of a vocational expert to aid him in making the determination.
 
 
 9
 The Medical-Vocational Guidelines, commonly referred to as the grids, take "administrative notice ... of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(b) (1989). The ALJ may use the grids to make a determination of disability if the claimant has only exertional impairments. Id., § 200.00(e)(1)-(2); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992); Tucker v. Heckler, 776 F.2d at 795. If, however, a claimant also has non-exertional impairments which limit his ability to perform the full range of jobs listed in the grids, the ALJ must obtain the testimony of a vocational expert to determine whether there are jobs in the national economy which the claimant could perform. Robinson v. Sullivan, 956 F.2d at 841; Tucker v. Heckler, 776 F.2d at 795-96; see also McCoy v. Schweiker, 683 F.2d 1138, 1148-49 (8th Cir. 1982) (en banc). Where, as here, the ALJ has properly determined that a claimant's non-exertional impairments do not limit his ability to perform the full range of work, the ALJ may rely solely on the grids in determining whether a disability exists. Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988); Tucker v. Heckler, 776 F.2d at 796; see also Orrick v. Sullivan, No. 91-2436, slip op. at 9 (8th Cir. June 3, 1992).
 
 
 10
 The district court's order is affirmed.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota