975 F.2d 866
 Unempl.Ins.Rep. (CCH) P 16872A
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gussie FORD, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 92-1602.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1992.
Filed: September 22, 1992.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gussie Ford, a middle-aged woman with a high school education, applied for disability benefits and Supplemental Security Income benefits on September 30, 1988. She alleged that she had been totally disabled since May 8, 1986 due to the residual effects of colon cancer and limitations stemming from diabetes, hypertension, and arthritis. The record reveals that she is five feet eight inches tall and that her weight during the time period in question varied from 200 to 300 pounds.
 
 
 2
 The claims were denied initially and on reconsideration. Ford then sought and was granted a hearing before an administrative law judge (ALJ). The ALJ found that although Ford was unable to perform her past work as a kitchen helper or a cook, she had no nonexertional limitations, and retained the residual functional capacity to perform the full range of sedentary work. According to the ALJ, the grid directed a conclusion based on Ford's residual functional capacity, age, education, and work, that she was not disabled. The Appeals Council denied Ford's request for review of the ALJ's decision.
 
 
 3
 Ford then sought review in the United States District Court for the Western District of Arkansas. That court granted the Secretary's motion for summary judgment. Ford appeals. We reverse the judgment of the district court and remand the case with instructions to remand it to the Secretary for further proceedings in accordance with this opinion.
 
 
 4
 Initially, we are not satisfied that Ford does not qualify for automatic disability under 20 C.F.R., Part 404, Subpart P, Appendix 1, 13.18 which states that an individual who has cancer of the colon is entitled to disability benefits if the "metastases spread beyond the regional lymph nodes." Ford's pathology report shows that cancer cells invaded the subserosal fatty tissues and the endothelial lined spaces. We cannot be sure from this record whether the invasion went beyond the regional lymph nodes, and the ALJ's decision does not answer that question conclusively. The ALJ simply stated that "the colon surgery was successful and there is no evidence of any recurrent carcinoma." On remand, the burden of proof is on the Secretary to produce medical evidence that the colon cancer had not, in fact, spread beyond the regional lymph nodes.[1]
 
 
 5
 Furthermore, the Secretary states in his brief that Ford's weekly chemotherapy treatments began in October of 1989 and that such treatments would continue for one year from that date (17 months after the operation). The record does not reveal, however, whether Ford was able to work on a full-time basis in the competitive workplace while she was receiving chemotherapy treatments. See Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989). If she was not, then her disability lasted for more than twelve months.
 
 
 6
 Finally, we do not believe that substantial evidence supports the Secretary's finding that Ford was free from nonexertional impairments. Nonexertional impairments are "[t]hose limitations or restrictions which affect a claimant's ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing, or pulling." 20 CFR § 404.1569a. Ford has the following impairments which appear at this point to be nonexertional: (a) obesity;[2] (b) pain relating to her arthritic condition which is partially controlled by prescribed medication;[3] and (c) dizziness, fatigue, and nervousness.[4]
 
 
 7
 On remand, the ALJ must seek the testimony of a vocational expert to determine whether, in fact, Ford can do sedentary work in the competitive workplace in light of these nonexertional impairments. Additional medical evidence will probably be required before the expert can answer the question fairly.
 
 
 
 [1]
 See Bland v. Bowen, Sec'y of Health & Human Services, 861 F. 2d 533, 535 (8th Cir. 1988) ("Once a claimant has established an impairment that prevents him from returning to his previous work, the burden shifts to the Secretary to show that the claimant can perform other work in the national economy.") (citation omitted)
 
 
 [2]
 See Cantrell v. Sec'y of Health & Human Services, 867 F.2d 1137 (8th Cir. 1989). Ford also has diabetes and hypertension that at best are under partial control and are related to her obesity. We cannot tell from the record before us whether these impairments are nonexertional. See Bowker v. Heckler, Sec'y of Health & Human Services, 596 F. Supp. 1416, 1421 (D. Me. 1984), Singleton v. Schweiker, Sec'y of Health & Human Services, 551 F. Supp. 715, 723-24 (E.D. Pa. 1982), Butterfield v. Sullivan, M.D., Sec'y of Health & Human Services, No. CIV.A.88-5455, 1990 WL 210605, at * 4 (E.D. Pa. Dec. 18, 1990)
 
 
 [3]
 See Bolton v. Bowen, Sec'y of Health & Human Services, 814 F.2d 536, 537 (8th Cir. 1987)
 
 
 [4]
 See Hayes v. Bowen, 701 F. Supp. 857, 863-64 (D.D.C. 1988)