**Donald A. EDWARDS, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

**No. 86–2074.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1986.

Decided Jan. 15, 1987.

W. Robert Cope, Poplar Bluff, Mo., for appellant.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HENLEY, Senior Circuit Judge.

Donald A. Edwards appeals from a district court[1] judgment affirming the decision of the Secretary of Health and Human Services (Secretary) denying him a period of disability benefits under §§ 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423. On appeal, Edwards argues in essence that the Administrative Law Judge (ALJ) improperly used the Medical-Vocational Guidelines or the "grid" and that the ALJ's findings are not supported by substantial evidence. We affirm.

Edwards seeks benefits for a period beginning in August of 1984. At that time, he suffered a compression fracture of the first lumbar vertebra after being thrown from a horse. Prior to that time, Edwards worked as a self-employed carpenter. He was born in January, 1936, completed the eighth grade, and has a G.E.D. certificate. On September 12, 1984 he filed an application for benefits, which the Secretary denied initially and on reconsideration. Upon request the ALJ conducted an evidentiary hearing. He found that Edwards has a severe compression fracture and cannot return to his past relevant work as a carpenter. The ALJ concluded that Edwards had the exertional capacity to perform sedentary work. He also found as not credible Edwards' complaints that pain would interfere with his doing sedentary work. The ALJ concluded, based on Edwards' capacity for sedentary work, and his age, education and work experience, that the regulations directed a conclusion of "not disabled."

Edwards appealed the Secretary's decision to the district court which referred the matter to a magistrate[2] who filed a report and recommended to the district court that the Secretary's decision be affirmed. The district court incorporated the magistrate's report and recommendation in its judgment finding for the Secretary.

Edwards correctly points out that once the claimant shows, as he did, that he is unable to perform past relevant work, the burden shifts to the Secretary to show that claimant can perform substantial gainful activity. *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985); *Tucker v. Schweiker*, 689 F.2d 777, 779 (8th Cir.1982). As part of this burden, the Secretary must demonstrate that jobs exist for the claimant in the national economy. However, the Secretary need not produce such testimony and can rely on the "grid," 20 C.F.R. Part 404, Subpart P, Appendix 2, to satisfy the bur-

---

1. The Honorable H. Kenneth Wangelin, United States Senior District Judge, Eastern and Western Districts of Missouri.

2. The Honorable David D. Noce, United States Magistrate, Eastern District of Missouri.

den when the claim is based solely on exertional impairments. *Tucker v. Heckler*, 776 F.2d at 795; *see also Jelinek v. Heckler*, 764 F.2d 507, 511 (8th Cir.1985); *McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir.1982) (en banc).

■ However, when there is a combination of exertional disability along with alleged disabling pain and the "grids" or guidelines indicate that the claimant is not entitled to a finding of disability based solely on exertional impairments, the ALJ must then consider the extent to which the claimant's work capability is further diminished by his or her nonexertional impairments. *Tucker*, 776 F.2d at 795. Here, there is no doubt that Edwards hurts; the critical question is whether notwithstanding his pain, he can perform substantial gainful activity.

Both the ALJ and the reviewing magistrate understood and applied correct legal standards in evaluating the evidence and in allocating burdens of proof. The ALJ found that Edwards' capacity for a full range of sedentary activity was not compromised by his additional nonexertional activities and thus that he was not disabled. We are not inclined to disagree.

■ There was no solid objective record medical evidence to support Edwards' complaints of disabling pain. The Veterans Administration physician who examined him initially did not find disability other than for a period of six months following his injury. More significantly, Edwards' claims are discounted by his own testimony. For example, although he is in some pain he says he takes little medication other than aspirin to relieve his symptoms. He drives a car, shops for groceries, sits or stands with little discomfort for substantial periods of time, ascends or descends steps

and only at times uses a cane. He can lift modest weights without difficulty and weights up to about twenty-five pounds with little difficulty.

This court's review is limited to determining whether substantial evidence supports the ALJ's decision. 42 U.S.C. § 405(g). While there is some evidence tending to support Edwards' claim and while we might have given some of his evidence more weight than did the ALJ, we are persuaded that we should accept, as did the district court, the thorough report and recommendation of the magistrate. Accordingly, we affirm.[3]

---

3. In so affirming, however, we note that the ALJ found, citing 20 C.F.R. 404.1568, that Edwards has no acquired work skills transferable to other skilled or semi-skilled work, and we observe that by the end of January, 1987 Edwards will have passed his fifty-first birthday. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201(g). Should Edwards again seek disability benefits, the Secretary may well find disability and our decision here should not be construed as indicating a contrary result.

