8 F.3d 611
 42 Soc.Sec.Rep.Ser. 538, Unempl.Ins.Rep. (CCH) P 17519A
Ruby G. MILLER, SSN qmg-ol-loib Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health and Human
Services, Appellee.
 No. 93-1910.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 30, 1993.
Decided Oct. 15, 1993.
 
 David R. Trussell, Little Rock, AR, argued, for appellant.
 Martin W. Long, Dallas, TX, argued (Richard M. Pence, Jr., Gayla Fuller and Martin W. Long, on the brief), for appellee.
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ruby Miller appeals the judgment of the magistrate judge[1] upholding the Secretary's decision to deny her disability insurance benefits. Upon careful review of the record, we affirm.
 
 
 2
 For reversal Miller argues that the Administrative Law Judge (ALJ) failed to consider properly her subjective complaints of pain. Miller asserts that the ALJ ignored the limitations to her range of daily activities caused by her pain and by the side effects of medication to control her pain. Miller also contends that the ALJ failed to consider that activities aggravate her pain. Miller argues that the ALJ did not analyze her treating physician's statements that she cannot carry five pounds, that she needs a splint to lift five pounds, and that she cannot perform sedentary work. Furthermore, Miller points to the statement of the orthopedist who evaluated her for worker's compensation purposes as evidence that she could only perform extremely light work. Lastly, Miller argues that the ALJ did not elicit and evaluate vocational expert (VE) testimony regarding her ability to perform past relevant work. Miller asserts that the ALJ's hypothetical question to the VE understated her injury and pain.
 
 
 3
 We agree with the magistrate judge that substantial evidence exists to support the Secretary's decision that Miller's wrist, arm, and back ailments do not prevent her from performing past relevant work. The record indicates that Miller's treating physician for her back, Dr. Ronald Williams, believes she is capable of returning to work. Miller's treating physician for her arm, Dr. Edward Weber, stated to the Secretary in the physical capacities evaluation that Miller is capable of employment subject to a five-pound lifting limitation. The opinions of Miller's treating physicians receive substantial weight. See Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir.1992). The VE characterized Miller's past positions of insurance clerk and telephone interviewer as sedentary positions not requiring more than the occasional lifting of five pounds. Thus, substantial evidence existed upon which the ALJ could conclude that Miller has the residual functional capacity to perform past relevant work as a telephone interviewer or insurance clerk.
 
 
 4
 We do not agree with Miller's argument that the Secretary did not properly evaluate her subjective complaints of pain. The Secretary may discount the subjective complaints of pain when they are inconsistent with the record as a whole. Stout v. Shalala, 988 F.2d 853, 855 (8th Cir.1993). Substantial evidence exists contradicting her subjective complaints of pain. Dr. Williams determined on two occasions that her osteoarthritis is not severe enough to need treatment. Dr. Weber stated that she recovered from carpal tunnel syndrome and her right wrist healed well following bone graft surgery. The ALJ took into consideration precipitating and aggravating factors that limit her ability to stand or walk for over one hour. Her physicians prescribed mild but effective medications to avoid side effects caused by her peptic ulcer disease. The ALJ included the functional restrictions of Miller's right hand and back in the hypothetical asked of the VE. The record indicates that Miller's depression receded when she took the anti-depressant Amitriptyline as prescribed. Thus, the lack of need for extensive treatment, in conjunction with these other factors, discredits Miller's subjective complaints of pain. See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir.1992).
 
 
 5
 We also do not agree with Miller's argument that the Secretary did not consider medical evidence supporting her allegation of disability. In denying disability, the ALJ does not have to discuss every piece of evidence presented, but must develop the record fully and fairly. See Walker v. Bowen, 834 F.2d 635, 643 (7th Cir.1987). See also Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir.1990). The ALJ specifically noted in his decision that Miller's treating physicians determined that she can lift five pounds only on an occasional basis and could work only with a five-pound lifting limitation. Thus, the ALJ did consider the lifting limitations and how they affected Miller's ability to work.
 
 
 6
 Lastly, we do not agree with Miller's argument that the Secretary did not properly evaluate the VE testimony regarding her ability to perform past relevant work. The VE's testimony amounts to substantial evidence if the question asked precisely stated the impairments that the ALJ accepted as true. Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir.1991). The ALJ did not include intense or severe pain in the hypothetical because substantial evidence on the record contradicts the allegation of severe pain. The ALJ did not include Dr. Weber's statement that Miller could occasionally lift five pounds with a splint. However, such a statement is not materially different from the hypothetical the ALJ presented: an individual who can lift only five pounds on occasion with extreme push-pull limitations on the right hand and intermittent pain in the back, right shoulder, and right arm.
 
 
 7
 Accordingly, we affirm the district court.
 
 
 
 [1]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)