21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Wesley CARTER, Plaintiff Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health and Human
Services, Defendant Appellee.
 No. 93-2376.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1994.
Filed: April 7, 1994.
 
 Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and KOPF,* District Judge.
 PER CURIAM.
 
 
 1
 Wesley Carter appeals the magistrate judge's[1] order of summary judgment dismissing his claim for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits under Title XVI of the Act. We affirm.
 
 I. BACKGROUND
 
 2
 Carter was forty-six years old at the time of the administrative hearing and had a seventh-grade education. His past relevant work was as a lineman for an electrical company. Carter stopped working when he suffered a back injury in a truck accident. His orthopedist indicated Carter could not perform a job that required climbing, bending, or lifting heavy objects; nevertheless, he stated Carter could perform sedentary work and could lift objects that weighed less than twenty-five pounds so long as he did not have to bend below knee level. At the administrative hearing, a vocational expert testified that with these limitations, Carter remained able to perform a significant number of jobs in the national economy. Using the five-step sequential evaluation process established by the Secretary, 20 C.F.R. Secs. 404.1520 and 416.920 (1990), the administrative law judge ("ALJ") determined Carter was unable to return to his past work. However, the ALJ concluded Carter was able to perform a significant number of jobs and was not disabled for purposes of the Act.
 
 II. DISCUSSION
 
 3
 Carter complains the Secretary's decision is not supported by substantial evidence in the record as a whole because the ALJ improperly discounted his subjective complaints of pain. Carter also complains that when the vocational expert described the types of jobs Carter could perform, he did not consider the level of pain Carter would be experiencing while working.
 
 
 4
 Our review of the denial of social security benefits is limited to determining whether substantial evidence in the record supports the Secretary's decision. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). An ALJ "must give full consideration to all of the evidence presented relating to subjective complaints," Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), and may discredit a claimant's subjective complaints if they are inconsistent with the evidence as a whole. Id. The ALJ described the factors listed in Polaski and detailed his reasons for discounting Carter's subjective complaints of pain. We find the ALJ correctly analyzed Carter's complaints of pain according to the standards adopted in Polaski.
 
 
 5
 Although his physician noted that Carter's back injury prevented him from returning to his past work, he stated Carter could perform other work with some limitations. A treating physician's opinion concerning an applicant's physical limitations is entitled to substantial weight. Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993). The ALJ considered the testimony of Carter's son and determined that the opinion of his treating physician was more persuasive. Halpin v. Shalala, 999 F.2d 342, 346 (8th Cir. 1993). Carter no longer wore a back brace, was not taking any prescription pain medication, and had not sought any continuing treatment for his allegedly severe condition. The lack of medication or ongoing medical treatment is inconsistent with his claim of disabling pain. See Onstead, 962 F.2d at 805. Carter's contention that the vocational expert should have considered his level of pain must also fail. Substantial evidence in the record contradicts Carter's allegations of severe pain, and the ALJ did not need to include pain as a factor for the vocational expert to consider. See Miller, 8 F.3d at 613-14.
 
 III. CONCLUSION
 
 6
 We conclude that substantial evidence supports the Secretary's decision. Accordingly, we affirm.
 
 
 
 *
 The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas