26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Timothy G. KNIGHT, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-3466.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 2, 1994.
Filed: June 13, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Timothy G. Knight appeals the judgment of the district court[1] upholding the Secretary's decision to deny him supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Upon careful review of the record, we affirm.
 
 
 2
 Knight applied for SSI benefits with a protective filing date of December 6, 1990, alleging an impairment of "diabetes ketoacidosis" and an onset date of April 1990. The Social Security Administration (SSA) denied Knight's application initially and on reconsideration. Upon Knight's request the SSA scheduled a hearing before an Administrative Law Judge (ALJ).
 
 
 3
 The medical evidence showed that Knight began treatment for diabetes after lapsing into a coma. As a result of the diabetes, Knight's eyesight deteriorated; his vision is correctable, however, to 20/25- in his right eye and 20/40 in his left. Knight testified that his diabetes is under control with daily doses of insulin, but he is weak and tires easily, needs daily naps, and has back pain for which he takes aspirin. He indicated he can stand or walk for one hour with a thirty-minute rest afterwards.
 
 
 4
 The ALJ determined that, based on the vocational expert's answer to his hypothetical question, Knight retained the residual functional capacity to perform unskilled sedentary occupations existing in significant numbers in the national economy. The Appeals Council denied Knight's request for review and the ALJ's decision became the final decision of the Secretary. Knight sought judicial review and the district court affirmed.
 
 
 5
 We will uphold the Secretary's final decision if it is supported by substantial evidence on the record as a whole. Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion. While we must consider evidence that detracts from the Secretary's decision, we cannot reverse the decision merely because substantial evidence supported an opposite decision. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).
 
 
 6
 The ALJ properly considered Knight's subjective complaints of pain under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted). Contrary to Knight's assertion, the ALJ did not focus only on the lack of objective medical evidence in discounting those complaints. Knight's daily activities, as reflected by his own testimony, included watching television, exercising, talking to his brothers and neighbors, walking around the block, and occasionally reading. Knight testified he took only two aspirin twice a day for his back pain, which had improved, and the ALJ observed no overt symptoms of pain at the hearing. Furthermore, physicians' and Knight's own assessment of his ability to sit, stand, walk, and lift were not consistent with disabling pain. The ALJ properly discredited Knight's testimony regarding the intensity of his pain and functional restrictions because it was inconsistent with substantial evidence on the record. See McClees v. Shalala, 2 F.3d 301, 303 (8th Cir. 1993).
 
 
 7
 Knight inaccurately asserts that the ALJ based the disability determination on the "grids." If a claimant has significant nonexertional limitations preventing the full range of work, an ALJ may not rely solely on the guidelines. 20 C.F.R. Sec. 404.1569a. The ALJ based his determination, however, on the vocational expert's response to a hypothetical question that included what the ALJ had determined to be Knight's credible nonexertional limitations (i.e., postural). The vocational expert's testimony amounts to substantial evidence if the hypothetical question precisely stated impairments the ALJ accepted as true. Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam). The ALJ did not include Knight's subjective complaints of pain because he properly had discredited them. The question did include exertional and nonexertional limitations and visual impairments consistent with substantial medical evidence in the record as a whole.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa