36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Tommy BURROUGHS, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-3720.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 19, 1994.
Filed: September 27, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tommy Burroughs appeals the district court's[1] grant of summary judgment denying his claim for disability insurance benefits under Title II of the Social Security Act (the Act) and supplemental security income (SSI) benefits under Title XVI of the Act. We affirm.
 
 
 2
 The Secretary found that although Burroughs suffered a severe impairment resulting from a gunshot wound to the left leg that rendered him unable to perform his past relevant work, he had the residual functional capacity (RFC) to perform work that existed in significant numbers in the national economy. We agree with the district court that substantial evidence supports the Secretary's decision. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992) (standard of review).
 
 
 3
 Contrary to Burroughs's assertion, the administrative law judge (ALJ) incorporated the assessments of clinical psychologist Dr. Robert L. Hudson-together with those of family practitioner Dr. John C. Dobbs, and psychological examiner Jim Moreland-in the hypothetical question posed to the Vocational Expert (VE), which also took into account the combination of Burroughs's impairments. Further, the ALJ incorporated in the hypothetical Burroughs's own subjective functional restrictions, rather than Dr. L.E. Talbert's less restrictive RFC assessment. The ALJ did not err in disregarding the assessments of Burroughs's treating physician, Dr. Jose Abiseid, and the conclusory statement of Dr. John Hall, which were inconsistent with other RFC assessments and unsupported by objective medical evidence. See Loving v. Department of Health and Human Servs., 16 F.3d 967, 971 (8th Cir. 1994). The ALJ also properly discounted Burroughs's testimony regarding the intensity of his pain because it was inconsistent with medical evidence and the lack of need for extensive treatment: Burroughs and his witnesses testified that, notwithstanding his complaints of pain, he was able to conduct daily activities with over-the-counter pain relievers and occasional use of Tylenol # 3. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam); Murphy, 953 F.2d at 386. We note the ALJ was not obligated to order consultative examinations when he had sufficient evidence from Dr. Dobbs, Dr. Hudson, and Mr. Moreland to make a determination regarding any alleged psychological impairment. See Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989).
 
 
 4
 Because we find the hypothetical question precisely stated the impairments the ALJ accepted as true, the VE's testimony that Burroughs could work in the national economy amounts to substantial evidence on the record as a whole. See Miller, 8 F.3d at 613-14.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)