**Don L. CLARKE, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. 8:CV94–656.**

United States District Court,
D. Nebraska.

Sept. 21, 1995.

---

Bruce H. Abrahamson, Omaha, NE, for plaintiff.

Don L. Clarke, Omaha, NE, pro se.

Sally R. Johnson, United States Attorney, Lincoln, NE, for defendant.

## MEMORANDUM AND ORDER

SHANAHAN, District Judge.

Before the court is filing no. 7, the "Amended Complaint" filed by the plaintiff, Don L. Clarke, seeking judicial review of the decision by the defendant, Donna Shalala, Secretary of the United States Department of Health and Human Services ("the Secretary"), denying Clarke's application for increased retirement insurance benefits under Title II of the Social Security Act (42 U.S.C. § 401 et seq.). This court has jurisdiction pursuant to 42 U.S.C. § 405(g) (judicial review of final decisions by the Secretary under Title II).

### BACKGROUND

From 1973 to 1976, the plaintiff, Don L. Clarke, was an "outside salesman" of industrial flooring materials for Tufco, Inc. and negotiated contracts with customers for Tufco's products. After a contract was signed, Tufco supplied the materials and labor to the customer. From 1976 to 1984, Clarke held a similar position with Trowelon, Inc. and acted as an outside salesman. On September 6, 1991, Clarke filed an application for "Retirement Insurance Benefits" under Title II of the Social Security Act. In his application, Clarke noted that "he was waiting for a determination from the Social Security Administration as to his employment status, i.e. self-employed individual vs. employee, for the 1973–1984 time period, which would, in turn change his earnings record for said time period, resulting in higher monthly retirement insurance benefits" (filing no. 7). On

September 10, 1991, the Department of Health and Human Services determined that Clarke's earnings record could not be revised "from 'net income from self employment' to 'wages' for the years 1973 to 1984 ..." Clarke's request for reconsideration was denied on December 3, 1991.

On December 17, 1991 Clarke filed a "Request for Hearing by Administrative Law Judge." The hearing was held before an Administrative Law Judge ("ALJ") on July 23, 1992. On November 27, 1992 the ALJ found that Clarke's earnings record could not be revised because Clarke "did not file a Request for Correction or Revision of his earnings record within the time limit allowed for correcting earnings records." Clarke then filed a "Request for Review of Hearing Decision/Order" on December 31, 1992. The Appeals Council, on February 7, 1994, vacated the ALJ's decision and remanded the case for further proceedings.

On May 25, 1994, the ALJ conducted a second hearing, and on July 26, 1994, the ALJ determined that Clarke was "... precluded from correcting or revising his earnings record pursuant to the Social Security Administration's Regulations." Specifically, the ALJ found that (1) Clarke was a self-employed individual for the years 1973 to 1984 and (2) Clarke did not file a "Request for Correction or Revision of his earnings record within the time limit allowed for correcting earning records."

On December 1, 1994, the Appeals Council denied Clarke's request for review of the ALJ's decision, and, therefore, the ALJ's decision is regarded as the final decision of the Secretary. Clarke filed an amended complaint on March 28, 1995, seeking judicial review of the decision made by Donna Shalala, Secretary of Health and Human Services. The court notes that, effective March 31, 1995, the Social Security Administration became an agency independent from the Department of Health and Human Services. *Hall v. Chater,* 62 F.3d 220 (8th Cir.1995).

Therefore, the Commissioner of Social Security has been substituted for the Secretary as the defendant in this action. See generally Pub.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994.

## ANALYSIS

■ This court's standard of review of the Secretary's decision to deny social security disability benefits is clearly established:

> The Secretary's denial must be upheld if substantial evidence in the record as a whole supports the Secretary's conclusion that ... [the claimant] is not disabled ... [s]ubstantial evidence is less than a preponderance, but enough that a reasonable mind might find it adequate to support the conclusion ... [t]hus "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision." *Oberst v. Shalala,* 2 F.3d 249, 250 (8th Cir.1993).

See, also, *Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir.1995) ("Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"); *Stout v. Shalala,* 988 F.2d 853, 854 (8th Cir.1993) (In an appeal from the denial of social security benefits, a court must determine whether substantial evidence in the record as a whole supports the Secretary's denial of benefits); *Edwards v. Secretary of Health and Human Services,* 809 F.2d 506, 508 (8th Cir.1987) (a court's review of a decision denying social security benefits is limited to determining whether the ALJ's decision is supported by "substantial evidence").

After the rehearing on May 25, 1994 and in view of Clarke's testimony and the evidentiary materials introduced at the hearing, the ALJ concluded that during his relationship with Tufco and Trowelon Clarke was not a common law employee as defined by 20 C.F.R. § 404.1007(b)[1], but, rather, was a

---

1. Factors that show employee status. Some aspects of a job arrangement that may show you are an employee are as follows:

(1) The person you work for may fire you.

(2) The person you work for furnishes you with tools or equipment and a place to work. (3) You receive training from the person you work for or are required to follow that person's instructions.

self-employed individual as defined by 20 C.F.R. § 404.1007(c)[2].

Additionally, the ALJ concluded that "whether the Claimant's earnings were characterized as 'self-employed income' or 'wages,' the time limit for correcting the Claimant's earnings record has elapsed." The ALJ based his conclusion on 42 U.S.C. § 405(c)(1) and (5) which prescribe a period of three years, three months, and fifteen days for an individual to correct the record of the individual's earnings. While § 405(c)(5) provides several exceptions to the aforementioned time limit, the ALJ concluded that Clarke did not qualify for any exception.

■ The record made before the ALJ reflects that during his relationship with Tufco and Trowelon, Clarke set his own hours, worked on straight commission, received limited training, often worked out of his own home, drove his own car to business meetings, was ordinarily not reimbursed for travel or entertainment expenses, and was not prohibited from hiring assistants. Moreover, Clarke filed "Profit or (Loss) From Business or Profession" forms with his tax returns for the years 1973 to 1984.

After a review of the entire record, this court finds and concludes that there is substantial evidence to support the ALJ's conclusions that (1) Clarke's earnings are properly characterized as "self-employed" income as defined by 20 C.F.R. § 404.1007(c); and (2) the time limit for correcting Clarke's earnings record has elapsed. See 42 U.S.C. § 405(c)(1) and (5). For that reason, the court affirms the Secretary's decision that Clark is "precluded from correcting or revising his earnings record."

THEREFORE, IT IS ORDERED:

1. That the decision of Donna E. Shalala, Secretary of Health and Human Services, denying the plaintiff, Don L. Clarke's application for increased retirement insurance benefits under Title II of the Social Security Act (42 U.S.C. § 401 et seq.), is affirmed;

2. That the plaintiff, Don L. Clarke's "Amended Complaint" (filing no. 7) will be dismissed with prejudice; and

3. That each party shall bear their own costs.

(4) You must do the work yourself.
(5) You do not hire, supervise, or pay assistants (unless you are employed as a foreman, manager, or supervisor).
(6) The person you work for sets your hours of work, requires you to work full-time, or restricts you from doing work for others.
(7) The person you work for pays your business or traveling expenses.
(8) You are paid by the hour, week or month.

2. Factors that show self-employed status. Some aspects of a job arrangement or business venture that may show you are self-employed are as follows:

(1) You make a profit or suffer a loss.
(2) You are hired to complete a certain job and if you quit before the job is completed you may be liable for damages.
(3) You work for a number or persons or firms at the same time.
(4) You advertise to the general public that you are available to perform services.
(5) You pay your own expenses and have your own equipment and work place.