_____

No. 96-2791
_____

Patricia L. Crawford,     *
              *
   Appellant,     *
              *
  v.         *  Appeal from the United States
              *  District Court for the
Shirley S. Chater, Commissioner *  Western District of Missouri.
of the Social Security    *
Administration,      *  (UNPUBLISHED
              *
   Appellee.      *

_____

Submitted: December 30, 1996

Filed: April 14, 1997
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Patricia L. Crawford appeals the judgment of the district court[1] affirming the Commissioner's denial of disability insurance benefits (DIB) and supplemental security income (SSI). We affirm.

Crawford filed applications for DIB and SSI, alleging disability due to bilateral forearm and hand pain. Evidence at a hearing before an administrative law judge (ALJ) revealed Crawford underwent carpal tunnel release. She was running a child-care business in her home on a full-time basis for five young children, ranging in age from eight months to four years. The ALJ determined Crawford had the residual functional capacity to perform at least light work involving no repetitive use of the upper extremities, no

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

vibration to the upper extremities, no lifting over ten pounds, and no tasks requiring fine finger dexterity or sensation. Based on testimony of a vocational expert (VE), the ALJ found there were a significant number of jobs in the national economy Crawford could perform.

On appeal, Crawford asserts the ALJ erred in finding she could perform light work (when she could no longer perform sedentary work), in determining she could perform jobs as a security monitor, laundry attendant, and dressing room attendant as those jobs are described in the Dictionary of Occupational Titles (4th Ed. 1991) (DOT), and in finding her subjective complaints only partially credible.

We conclude the ALJ's decision is supported by substantial evidence on the record as a whole. See Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (standard of review). The ALJ properly evaluated Crawford's subjective complaints under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Even Crawford's physicians expressed the opinion Crawford could do work that did not involve repetitive hand use. See Edwards v. Secretary of Health & Human Servs., 809 F.2d 506, 508 (8th Cir. 1987) (examining physician's failure to find disability factor in discrediting subjective complaints). While Crawford correctly asserts that the ability to do minor household chores does not demonstrate the ability to perform substantial gainful activity, see Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989), Crawford is in the business of caring for at least five infants and toddlers full-time, in addition to performing her own housework. The ALJ properly considered Crawford's receipt of unemployment benefits in assessing her credibility. See Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994) (unemployment recipient must sign documents stating capable of work and seeking work).

The ALJ properly concluded Crawford could perform light work

with the enumerated restrictions.   While persons who can perform light work can generally perform sedentary work, the Code of Federal Regulations notes exceptions where "there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. §§ 404.1567(b), 416.967(b).

The jobs described by the VE are similar to the <u>DOT</u> descriptions of gate guard (372.667-030), laundry attendant (369.677-010), and sales attendant (299.677-010).  While these jobs, as listed in <u>DOT</u>, may require additional or different duties than those described by the VE, the <u>DOT</u> descriptions provide the maximum requirements of jobs, not the range; and as such may not coincide in all respects with jobs as performed in particular establishments or locales.  <u>See</u> <u>Jones v. Chater</u>, 72 F.3d 81, 82 (8th Cir. 1995).  We can assume the VE considered all the impairments listed by the ALJ in fashioning her response to the hypothetical, <u>see</u> <u>Whitehouse v. Sullivan</u>, 949 F.2d 1005, 1006 (8th Cir. 1991), and her testimony based on that hypothetical, which included the limitations the ALJ found credible, constitutes substantial evidence.  <u>See</u> <u>Miller v. Shalala</u>, 8 F.3d 611, 613 (8th Cir.  1993) (per curiam).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-