**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 97-2684

———————

| | |
|---|---|
| Shirley J. Miller, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Kenneth S. Apfel, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

———————

Submitted: March 3, 1998
Filed: March 19, 1998

———————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Shirley J. Miller appeals the district court's[1] grant of summary judgment affirming the Social Security Commissioner's decision to deny Miller's applications for disability insurance benefits and supplemental security income after a hearing before an administrative law judge (ALJ). For reversal, Miller argues the ALJ failed to propound an accurate hypothetical question to the vocational expert (VE) during the hearing, because in describing impairments and functional limitations the ALJ failed to

---

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

include Miller's headaches and dizziness. Miller also contends, given her extensive history of head injuries and statements in the record as to depression, there was sufficient basis to raise an issue as to her mental and psychological capacity to engage in work-related activities.

Having carefully reviewed the record, we conclude the Commissioner's decision is supported by substantial evidence in the record as a whole. See McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993) (standard of review). Although the ALJ did not include Miller's headaches in the hypothetical posed to the VE, the ALJ expressly found Miller's testimony as to the severity of her impairments and attendant symptoms not credible, and that finding was supported by the record as a whole. See House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994) (ALJ was not required to include claimant's subjective complaints of headaches in hypothetical question posed to VE where ALJ's discrediting of complaints of disabling headaches was supported by record as whole); Miller v. Shalala, 8 F.3d 611, 613-14 (8th Cir. 1993) (per curiam) (VE's testimony amounts to substantial evidence if question asked included precisely impairments that ALJ accepted as true).

In addition, there was no evidence Miller sought treatment for a mental impairment, and she affirmatively stated at the hearing that she did not suffer from any mental problems. The ALJ therefore was not required to complete a Psychiatric Review Technique Form based on Miller's potential mental problems. See 20 C.F.R. § 404.1520a(b).

We affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.