United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2940

_____

| | |
|---|---|
| Louis D. Denault, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of North Dakota. |
| Kenneth S. Apfel, Commissioner of | * |
| Social Security,* | *     [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: March 30, 1998
Filed: April 10, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Louis D. Denault, who suffers from degenerative osteoarthritis, appeals the district court's[1] grant of summary judgment affirming the Social Security

---

*Kenneth S. Apfel has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

Commissioner's decision to deny Denault's applications for disability insurance benefits and supplemental security income.

Having carefully reviewed the record, we conclude, contrary to Denault's assertion on appeal, that the administrative law judge's credibility findings were made in conformity with the procedures set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and that those findings were supported by substantial evidence in the record as a whole. In addition, we conclude that the hypothetical question posed to the vocational expert was adequate. See Roe v. Chater, 92 F.3d 672, 676 (8th Cir. 1996) (hypothetical question need not include specific diagnostic or symptomatic terms where other descriptive terms can adequately define claimant's impairments). Because the vocational expert testified that Denault could perform certain sedentary jobs which existed in significant numbers, we conclude that the Commissioner met his burden of showing Denault could perform substantial gainful employment. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam) (vocational expert's testimony amounts to substantial evidence if hypothetical precisely included impairments that administrative law judge accepted as true).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.