Terry **BALDWIN** Plaintiff

v.

Jo Anne B. **BARNHART**, Acting Commissioner, Social Security Administration Defendant

No. 4:02CV000304.

United States District Court, E.D. Arkansas, Western Division.

March 17, 2004.

James W. Stanley, Jr., Esq., Stanley Law Firm, P.A., North Little Rock, AR, for Plaintiff.

Stacey Elise McCord, Esq., U.S. Attorney's Office, Eastern District of AR, Little Rock, AR, for Defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Currently pending before the Court are the proposed findings and recommended disposition of the Magistrate Judge regarding the final decision of the Commissioner of the Social Security Administration denying plaintiff's claim for supplemental security income based on alleged disability.

After carefully reviewing the record in this action, including all exhibits, the Court is unable to accept the proposed findings and recommended disposition of the Magistrate Judge which, in substance, affirms the denial of benefits to the plaintiff. The Court is persuaded that the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence and that the case should be remanded for a proper and objective reconsideration of the evidence submitted in this proceeding and particularly the subjective allegations of the plaintiff regarding nonexertional problems.

Plaintiff testified, during the hearing held by the ALJ, that she was 39 years of age and was a high school graduate, and had not worked during the past 15 years. Plaintiff testified that she suffered from, among other things, fribromyalgia; muscle weakness, muscle cramps, muscle spasms, joint pain, joint swelling, migraine headaches, tremor problems, problems with gripping in her hands, low-grade fever off and on, hearing problems as well as equi-

librium problems and numbness in the body; that she was diagnosed with Lyme's disease; that she suffers also from chronic virus infection and pernicious anemia as well as kidney problems resulting in no prior warning regarding the use of a bathroom; that she has been treated for depression and anxiety, but cannot afford the medication that was prescribed to deal with this problem; that she has bone cancer; and that she has a memory problem in that she forget things and is confused easily.

John Wayne Baldwin, plaintiff's husband, testified that if plaintiff exerts herself over a period of time, she becomes ill and "she'll throw-up"; that unexpectedly, while engaged in normal activities, her legs and hands become numb and "I'd have to help her to the car to leave".

A medical report under date of August 21, 2000, by Dr. H. Graves Hearnsberger, III, M.D., states, among other things, regarding plaintiff who was under his care:

An audiogram reveals a moderate sensorineural hearing loss bilaterally with some mild drop in the speech discrimination abilities. I think that it would be very advantageous for her to have hearing aids. (TR. 90.)

In a medical document dated September 30, 1999, Dr. Stephen D. Snyder, M.D., made the following observation about plaintiff:

1. Multiple sclerosis, immunodeficiency, chin ulcer-non-healing, Rule out other source. (TR. 94.)

Dr. Michael C. Fischer, M.D., (consulting physician) who was requested by the Social Security Disability Department to conduct a physical examination of the plaintiff, among other things, made the following observations, in his medical report, which appear to support plaintiff's nonexertional allegations:

Spinal examination:

No spinal tenderness, *but extreme paraspinal tenderness with pain in the trapezius musculature and point tenderness through-out the spine.* (Emphasis added).

Neck Examination:

No lymphadenopathy. No JVD. No carotid bruits are heard. Full range of motion. *She does have numerous areas of paraspinal tenderness and strap muscle tenderness in the neck.* (Emphasis added).

Psychological:

The patient claims that she is content with her life, *but does admit to having anxiety, panic attacks,* and *depression* .... (Emphasis added).

Neurological:

*She has intermittent episodes of unilateral weakness, drooling sometimes difficulty walking, frequent trips, frequent falls, numbness in different extremities, occasionally has trouble talking, double vision, episodes of dizziness.* (Emphasis added). (TR. 99–105.)

Dr. Fischer, in addition, made the following assessment in his report:

1. The patient had fibromyalgia and history of "chronic fatigue syndrome", (Unknown etiology). The patient has symptoms of multiplesclerosis. Apparently no evidence of any etiology for her neurological deficits. Apparently, the patient has had a MRI in the past, she does not remember where, but apparently these do not show any difficulty of M.S. (TR.99–105).

Dr. Joseph H. Brewer, M.D., who had been plaintiff's treating physician since April, 1993, made the following observation in a January 18, 2001, communication:

Her current diagnoses are chronic fatigue syndrome, chronic pain, chronic headaches, disequilibrium, and lower ex-

tremity weakness. She has a number of severe and chronic symptoms that have not gotten better over the years. If anything, she has progressively gotten worse over the years. It is my medical opinion that she is disabled from this condition. I do not think that she can work in any type of full-time gainful employment. I do not think she will improve in the foreseeable future to the point that she can work. (TR. 128.)

Dr. Brewer also noted that plaintiff could occasionally lift less than 10 lbs and stand or walk continuously for less than one hour. (TR. 122).

The ALJ, after invoking the 5–step analysis prescribed by the Regulations (See: 20 C.F.R. § 404.1520), concluded that plaintiff has a severe impairment (Lyme's disease, fibromyalgia and chronic fatigue syndrome) that does not equal a listed impairment and "[i]t does not appear that the claimant has engaged in substantial activity since the onset date." The ALJ further found that claimant's residual functional capacity and vocational profile coinside with the criteria of Rule 203.28 which mandates a finding that there are a substantial number of jobs existing in the national economy which claimant can perform considering her abilities and limitations.[1] Consequently, it was the decision of the ALJ that "claimant is not disabled within the meaning of the Social Security Act." The Appeals Counsel declined review

making the ALJ's decision the final decision of the Commissioner.

Plaintiff contends, in support of her request for reversal or remand, that the ALJ erred in not giving plaintiff's treating physician's, Dr. Brewer, opinion the consideration and weight it deserved in analyzing plaintiff's alleged nonexertional impairment.[2]

■ Plaintiff's contention is well taken. Indeed, a treating physician's opinion addressing a physical limitation of a claimant is entitled to substantial weight. See: Miller v. Shalala, 8 F.3d 611, 613 (8th Cir.1993). In rejecting Dr. Brewer's opinion as well as the testimony of plaintiff's husband, the ALJ engaged in speculation, conjecture and theorizing. An adjudicator has the duty to give full consideration to all of the evidence presented relating to claimant's alleged nonexertional impairments and is not at liberty to accept or reject claimant's subjective complaints solely on basic observations. See: Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

■ The ALJ, in observing plaintiff while plaintiff's attorney was questioning plaintiff, during the hearing, posed the following questions to plaintiff at the conclusion of plaintiff's attorney's direct examination of plaintiff:

Q  I always, I ask this because people tell me these things, that they don't have

1. The ALJ in finding plaintiff's allegations regarding her nonexertional problems were not totally credible held that plaintiff retains the residual functional capacity to lift and carry and push-pull 50 pounds occasionally and 25 pounds frequently with the ability to stand and/or walk for up to 6–8 hours in an 8–hour workday "(at least 2 hours in a continuous period.)"

2. The ALJ, in finding that Dr. Brewer's opinion did not support a finding that plaintiff's medical condition is disabling, stated:

"The treating physician appears to have taken the claimant's subjective allegations at face value in making this assertion ..."

Relative to plaintiff's husband's testimony that plaintiff is unable to do very much because of nonexertional impairment, the ALJ made the following finding:

"[T]his testimony is based upon uncritical acceptance of claimant's complaint and to some degree is motivated by the desire to see her obtain benefits." (TR. 15).

a memory, like a statement [INAUDI-BLE] such as I don't have a memory any more, and you, you've been sitting there and Ms Wamble has asked you probably no less than 50, maybe 100 questions. You've responded readily and in detail to each one of them, having no difficulty with any of them that I've observed, and, are you having a particularly good day with your memory today, or what?

A Am I what? I'm sorry.

Q Your memory.

A Well, no, I get confused at times.

Q You weren't confused in any of [INAUDIBLE]—

A Well, I, it's not always that way. I must, yeah.

Q Well, that's why I'm asking, you're having a good day today, then?

A Well, yeah, better than most, yeah.

ALJ: Okay. All right. Anything further to this witness. (TR. 36, 37).

The ALJ erred in stating that plaintiff "responded readily and in detail" to each question posed by plaintiff's attorney. For example, the following exchange between plaintiff and her attorney reflects that plaintiff did not respond readily to all questions posed:

Q Okay. We're going to go through each of your impairments beginning with your fibromyalgia and chronic fatigue syndrome.

A Excuse me.

Q We're going through your impairments beginning with your fibromyalgia.

A Start, start with how it started?

Q No, we're going to go through—

A Okay.

Q your symptoms.

A Go ahead. Go ahead.

ALJ: [INAUDIBLE] put a road map out for you.—

CLMT: I'm hard of hearing too.

ALJ:—[INAUDIBLE] ask you some questions here.

CLMT: I'm hard of hearing too.

ALJ: Okay. (TR. 29).

Significantly, Dr. Fischer's observations, cited above, support plaintiff's allegations of nonexertional impairment, yet the ALJ found that "Dr. Fisher reported no deformities of any joints and normal mobility of the spine and lower extremities." (TR. 13). Dr. Fischer was selected by the Social Security Administration to examine plaintiff and he interviewed plaintiff for the first time on November 29, 2000. The ALJ's reliance essentially on part of the opinion of the consulting physician is not based on substantial evidence. Generally, the opinion of a consulting physician who examines the claimant once does not constitute substantial evidence upon the whole record and, indeed, when contradicted by the opinion of claimant's treating physician. See: *Hancock v. Secretary of Dept. of Health, Education and Welfare*, 603 F.2d 739, 740 (8th Cir.1979).

Plaintiff also argues that the ALJ erred in utilizing the Medical Vocational Guidelines given the fact that plaintiff had no past relevant work and suffered from severe nonexertional impairments and that the ALJ was required to retain the services of a vocational expert to meet the Commissioner's burden of proof.

In *Thompson v. Bowen*, 850 F.2d 346 (8th Cir.1988), the Court observed that if an ALJ finds that a claimant has nonexertional impairments that affect the claimant's ability to do other work, the ALJ cannot rely on the guidelines to determine whether the claimant is disable and is to receive other evidence, such as, the testimony of a vocational expert to determine if claimant can perform other activities. On the other hand, if the ALJ determines that a claimant has no nonexertional impairments that limit the claimant's ability to

perform other work identified by the guidelines, the ALJ may use the guidelines. See also: *Buck v. Bowen,* 885 F.2d 451 (8th Cir.1989).

The Court is persuaded that the ALJ did not properly discredit plaintiff's nonexertional complaints and, consequently, erroneously made use of the Medical–Vocational Guidelines. See: *Simonson v. Schweiker,* 699 F.2d 426, 430 (8th Cir. 1983).

Given the totality of circumstances in this proceeding, the Court is not persuaded that the ALJ's decision is supported by substantial evidence.

Accordingly, the ruling of the Commissioner is reversed and the matter is remanded for a proper reconsideration of plaintiff's subjective allegations. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).